No. 2478.—The State, ex rel. Hughes & Dejean, v. S. N. Burbank, Treasurer of Metropolitan Police.

A writ of mandamus should never be issued on the mere consent of the parties. Consent in such cases creates the presumption of fraud, and, when unsupported by evidence, can not form the basis of a valid judgment.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *Hughes & Dejean*, for relators, appellees. *E. Filleul*, for appellant.

WYLY, J. On the twenty-second October, 1869, the relators filed their petition alleging that they held Metropolitan Police warrants to the amount of $16,277 18; that they made application to the defendant, the treasurer of said board, for payment thereof and he refused to pay the same, although he had funds sufficient to pay the relators, to wit: $200,000, in his hands. Alleging that they were without remedy by the ordinary course of law, the relators prayed for a writ of mandamus to compel the said Burbank, treasurer, to pay them the amount aforesaid, and for general relief.

On the day before the suit was filed, the defendant made the following acknowledgment or confession, to wit:

"Defendant accepts service; acknowledges the receipt of order and copy of petition and original, and consents that the order herein prayed for be made peremptory, the case taken up this day and judgment rendered and signed."

(Signed)                                    "S. N. Burbank,"
                                    "Treasurer Metropolitan Police Board."

"New Orleans, Louisiana, October 21, 1869—10 A. M."

On the day the suit was filed, by consent of the parties, the court took the matter under advisement, and, "considering the consent of the respondent that the prayer of the petition be granted and the judgment signed forthwith," it was ordered that the mandamus be

made peremptory, and the respondent commanded to pay over the sum claimed immediately, and that he pay costs of judgment.

From this judgment the Board of Metropolitan Police have appealed.

They contend that their treasurer, S. N. Burbank, acted in disobedience of their orders and resolutions—that he was unauthorized to consent to any such proceeding.

There is in the record no evidence supporting the demand of the relators or showing that they are creditors of the Board of Metropolitan Police. The mandamus is based alone on the consent of the respondent.

We think the writ should not be issued upon the mere consent of the parties. That consent creates the presumption of fraud. That the proceeding before us bears on its face this appearance, and that the Board of Metropolitan Police have the right to appeal and demand relief from the illegal acts of their unfaithful agent.

Let the judgment be reversed, the mandamus be set aside, and the petition be dismissed, at the costs of relators.